UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY NASSEFF, JR.,                    CIVIL NO. 14-4822 (JNE/JSM)

    Plaintiff,

v.                                        REPORT AND RECOMMENDATION

ABBY DOMAGALSKI and JOHN
QUIST,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

Plaintiff Anthony Nasseff, Jr., a state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. He did not pay a filing fee, but instead filed an application for leave to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. Due to concerns about the veracity of first Nasseff's IFP application, this Court ordered Nasseff to file an amended IFP application. *See* Docket No. 8. Nasseff did so, and this Court determined that Nasseff was indeed incapable of paying the filing fee (or even an initial partial filing fee) in this matter. *See* Docket No. 11. However, this Court declined to grant Nasseff's amended IFP application at that time, as his complaint failed to state a claim upon which relief could be granted. *Id.* Accordingly, this Court ordered Nasseff to file an amended complaint by no later than January 16, 2015, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *Id.*

Nasseff has now filed an amended complaint, along with a second amended IFP application.[1]  *See* Dockets No. 12 & 13.  Nasseff's second amended IFP application duplicates his first two IFP applications, and this Court remains satisfied that Nasseff is financially eligible for IFP status.  That said, Nasseff's IFP applications must be denied, and this action must be dismissed, because Nasseff's amended complaint fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Nasseff alleges that the defendants Abby Domagalski and John Quist failed to protect him from an attack from another inmate, despite his prior warnings that he was in danger, and thereby violated the Eighth Amendment.  "A violation of the Eighth Amendment based on a failure to protect has two parts.  First, the conditions that result

---

[1]  Nasseff has also filed a motion for production of documents.  *See* Docket No. 14.  Because it is recommended that this action be summarily dismissed, this Court also recommends that Nasseff's motion for production of documents be denied as moot.

from the failure to protect the inmate must pose a substantial risk of serious harm to the inmates." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007). "Second, the subject prison official must have exhibited a sufficiently culpable state of mind, that is, the prison official must have been deliberately indifferent to a substantial risk of serious harm to the inmates." *Id.* "This requisite state of mind is akin to recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmates." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1970)).

The amended complaint, like the original complaint, includes very few factual allegations; Nasseff claims little more than that he "told multiple staff that his safety was at risk," that Domagalski and Quist "failed to take plaintiff's claims seriously," and that he "was assaulted by another inmate." Am. Compl. at 6-7 [Docket No. 12]. Thus, despite being given an opportunity to amend his complaint, Nasseff's pleading remains conclusory and threadbare; Nasseff has alleged almost nothing apart from the bare outlines of the elements of a failure-to-protect claim. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

Perhaps most importantly, Nasseff has not alleged facts (as opposed to conclusory statements) showing that Domagalski and Quist acted with the "requisite state of mind" to violate the Eighth Amendment. *Lenz*, 490 F.3d at 995. Although Nasseff contends that Domagalski and Quist "knew of the perceived danger," he has alleged no facts by which this could be proved true. For example, Nasseff has not alleged the specific danger to which Domagalski or Quist were alerted (he states only that he told defendants that "his safety was at risk"). Compl. at 6. Nor has Nasseff

alleged that the conditions at the prison where he was incarcerated were such that Domagalski and Quist should have known of the risk of assault. *See Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998). Simply put, without further factual allegations that, if proved true, would demonstrate that Domagalski and Quist acted with a sufficiently culpable state of mind, Nasseff cannot succeed on his Eighth Amendment claim against those defendants.

Nasseff has now had two opportunities in which to state a viable failure-to-protect claim. Despite that additional opportunity, and despite warnings about the factual allegations necessary to state a viable claim, Nasseff's amended complaint largely mirrors his original complaint, including his original complaint's infirmities. Accordingly, this Court now recommends that this action be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Milliman v. Cnty. of Stearns*, No. 13-CV-0136 (DWF/LIB), 2013 WL 5426049, at *15 (D. Minn. Sept. 26, 2013) (noting that the Eighth Circuit and this Court generally favors dismissals for failure to state a claim upon which relief may be granted to be without prejudice).

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. The applications to proceed *in forma pauperis* of plaintiff Anthony Nasseff, Jr. [Docket Nos. 2, 10, & 13] be DENIED.

2. Nasseff's motion for production of documents [Docket No. 14] be DENIED AS MOOT.

3. This matter be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 16, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 30, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.