UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Nasseff, Jr.,

    Plaintiff,

v.                                                                         Civil No. 14-4822 (JNE/JSM)
                                                                       ORDER

Abby Domagalski and John Quist,

    Defendants.

Anthony Nasseff, Jr., brought this action against Abby Domagalski and John Quist under 42 U.S.C. § 1983, claiming that Domagalski and Quist had failed to protect him from an attack by another inmate. Noting that Nasseff's complaint was "quite sparse," the magistrate judge concluded that there was "simply too little in the complaint to conclude that defendants [had] violated Nasseff's Eighth Amendment rights." The magistrate judge granted Nasseff an opportunity to amend his pleading. Nasseff timely filed an amended complaint. In a Report and Recommendation dated January 16, 2015, the magistrate judge concluded that Nasseff had failed to state a claim on which relief can be granted. The magistrate judge recommended that Nasseff's applications to proceed *in forma pauperis* be denied, that his motion for production of documents be denied as moot, and that this action be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No objection to the Report and Recommendation has been made. The Court has conducted a de novo review of the record. Based on that review and subject to the following comments, the Court accepts the recommendations.

The Report and Recommendation concluded with a citation to *Milliman v. County of Stearns*, Civil No. 13-136, 2013 WL 5426049 (D. Minn. Sept. 26, 2013), for the proposition that the United States Court of Appeals for the Eighth Circuit, as well as this Court, "favors dismissals for failure to state a claim upon which relief may be granted to be without prejudice." Notwithstanding *Milliman*, which is a report and recommendation that was adopted by a district judge,[1] the Eighth Circuit has stated that "there is a presumption that a dismissal under Rule 12(b)(6) is a judgment on the merits made with prejudice." *Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012). A dismissal under Rule 12(b)(6) "can be rendered without prejudice if the court so specifies." *Id.*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Nasseff's applications to proceed *in forma pauperis* [Docket Nos. 2, 10, and 13] are DENIED.

2. Nasseff's motion for production of documents [Docket No. 14] is DENIED AS MOOT.

3. This action is summarily DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 5, 2015

    s/Joan N. Ericksen
    JOAN N. ERICKSEN
    United States District Judge

---

[1] The assertion in *Milliman* was qualified: "decisions from the Eighth Circuit and this Court generally favor dismissals under Rule 12(b)(6) without prejudice, at least where there is no evidence of persistent pleading failures." *Milliman*, 2013 WL 5426049 at *16.